## WEBSTER REALTY CO. v. THOMAS.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

VENDOR AND PURCHASER—ACTION TO RECOVER DEPOSIT—ALTERATION OF CONTRACT—LIABILITY.

Where plaintiff in an action to recover the amount of its deposit on a contract for the purchase of real estate, and expenses incurred in searching the title, was shown to have altered the counterpart of the contract delivered to it for execution as to encroachments by erasing the "s" in the words "walls" and "buildings," and to have delivered the counterpart to

the vendor, so changed, and to have taken the vendor's copy of the contract in exchange therefor, without informing the vendor of the erasure, it could not recover.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Alteration of Instruments, § 133.]

Appeal from Special Term, New York County.

Action by the Webster Realty Company against William M. Thomas. From a judgment in favor of defendant (93 N. Y. Supp. 1077), plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.
William B. Ellison, for respondent.

McLAUGHLIN, J. This action was brought to recover the sum of $1,215 paid by the plaintiff to the defendant upon a contract for the sale of real estate, and expenses incurred in searching the title. The action was tried at Special Term, a jury having been waived. The complaint was dismissed upon the merits, and plaintiff has appealed.

The complaint charged that the defendant on the 22d day of April, 1904, entered into a written contract with the plaintiff by which he agreed to sell, and it to buy, certain premises in the city of New York, upon the terms and conditions stated in the contract, a copy of which was annexed to, and made a part of, the complaint; that at the time the contract was executed plaintiff paid to defendant the sum of $1,000 in part payment of the purchase price, and that it thereafter expended in searching the title the further sum of $215; that after the making of the contract the plaintiff discovered a defect in the title of the premises, and that the same were not as set forth in the written agreement, in that "all the northerly walls of the same encroach from 2½ to 3¼ inches on 145th street, whereas the agreement * * * states that but the northerly wall of the premises herein described, immediately adjoining the property on the east, extends from 2½ to 3¼ inches on the street." The agreement referred to in the complaint contained this clause:

"It being understood and agreed that the east wall of the most easterly building encroaches about three inches on the premises adjoining on the east and that the north wall of the building on the above described premises encroaches 2½ to 3¼ inches on the street in front thereof."

The defendant, in his answer, denied that he entered into the contract alleged in the complaint, but admitted that he did enter into a contract of sale with the plaintiff similar to the one alleged in the complaint, except that the clause above quoted reads as follows:

"It being understood and agreed that the east wall of the most easterly building encroaches about three inches on the premises adjoining on the east and that the north walls of the buildings on the above described premises encroach 2½ to 3¼ inches on the street in front thereof."

The only difference between the two clauses, it will be noticed, is the omission in the first clause from the words "walls" and "build-

ings" of the letter "s," underscored in the second clause quoted. At the trial the testimony of the respective parties was directed principally to the issue as to whether the letter "s" had been erased from the words "walls" and "buildings" after the execution of the contract. The trial court found that it had, and when the contract was executed the clause was as alleged by the defendant in his answer, and there is an abundance of proof to sustain the finding. The opinion delivered by the learned justice sitting at Special Term is entirely satisfactory, and we would be content to affirm the judgment upon that opinion, were it not for the fact that the counsel for the appellant upon the argument insisted that, if the defendant's contention as to the contract were correct, then there was no contract at all. The answer to the suggestion is that no such issue was presented. The plaintiff based his right to recover upon a contract, a copy of which he alleged was annexed to the complaint. Defendant, by his answer, admitted the execution of a contract similar in all respects to the one sued on, except the letter "s" should be added to the words "wall" and "building" in the clause quoted. The contract was prepared in duplicate by the defendant's attorneys several days prior to its execution, and, according to the testimony of several witnesses who took part in the preparation, as prepared the letter "s" formed a part of the words in dispute. After the defendant had executed one copy, the other was delivered by his broker to the plaintiff, which retained it for several days, and then delivered it, executed, to the defendant in exchange for the one executed by him. It was subsequently discovered that the letter "s" had been erased from the words "walls" and "buildings." Taking all the testimony together, including an inspection of the contract itself, which was produced on the argument, the conclusion is irresistible that the letter "s" was erased as claimed; and there is sufficient evidence to sustain the finding of the trial court that at the time of the exchange the one which the defendant received had been altered as above indicated without his knowledge or consent, and was delivered to him for the purpose of inducing him to believe that it was a counterpart of the one executed by him and delivered to the plaintiff.

I am of the opinion that the judgment is right, and should be affirmed, with costs. All concur.